## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**CALVIN COX,**                                                                                             **PLAINTIFF**

**V.**                                              **NO. 1:06CV303-D-D**

**MAGNOLIA REGIONAL HEALTH CENTER,**                                         **DEFENDANT**

### OPINION DISMISSING CLAIMS

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at Marshal County Correctional Facility, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff complains about medical treatment he received prior to being incarcerate. Plaintiff is seeking the return of his property along with compensatory and punitive damages.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)). Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *Biblo v. Thigpen*, 647 So.2d 678, 686 (Miss Dec. 8, 1994).

Despite Plaintiff's insistence, the constitution has not been implicated by the facts of this case. According to his own candid admission he was not incarcerated when he received the alleged inadequate medical treatment. Therefore, Plaintiff's complaint must be dismissed for failing to state a cause of action upon which relief may be granted. Additionally, Plaintiff has simply alleged a claim based on purely state law. Absent some constitutional issue or diversity of the parties, there is no basis for the exercise of federal jurisdiction. Consequently, the Plaintiff's complaint is dismissed for lack of federal jurisdiction and for failing to state a claim upon which relief may be granted.

A final judgment in accordance with this opinion will be entered.

THIS the 12th day of December, 2006.

/s/ Glen H. Davidson
Chief Judge